E-FILED
Tuesday, 27 November, 2007  02:05:13 PM
Clerk, U.S. District Court, ILCD

United States District Court
For the Central District of Illinois
Springfield Division

Michael Lemberger
    Plaintiff,

v.

Sandra Simpson, Thomas Monahan, Brian Thomas, Anderson Freeman and Dayle Sanders.
    Defendants.

Case No.: 07 C 3128

FILED
NOV 27 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

## Plaintiff's Pro Se Response to Defendants Motion to Dismiss

Now comes the Plaintiff (Pro Se), Michael Lemberger and moves that the Motion to Dismiss by Defendant, Sandra Simpson, be denied, and in support, state the following:

I. Introduction.

1. Mr. Lemberger has been civilly committed by the State of Illinois pursuant to the Sexually Violent Persons Commitment Act. (725 ILCS 205/1, et seq.) and is being detained at the Illinois Department of Human Services, Treatment and Detention Facility ("TDF") located in Rushville, Illinois.

2. Mr. Lemberger has filed a civil rights complaint under the 14th amendment, requesting a non-smoking environment due to his medical condition, chronic obstructive pulmonary disease, (a lung disease), and his requests have been denied.

3. Mr. Lemberger has not alleged that he has suffered any physical injuries, but is unaware if any exist, due to the fact that second hand smoke attacks a person internally, so the evidence is hidden, which has been proven by the medical community and the United States

Sergon General to be deadly.

4. Mr. Lemberger's claimes against Grievance Examiner Simpson should not be dismissed because, due to the fact that Mr. Lemberger is civilly committed, and not being "Detained" for the purpose of Commitment, Defendant Simpson is Mr. Lemberger's first line of Defence in assureing that no grievous injuries are suffered by Mr. Lemberger, once Mr. Lemberger notified Defendant, in the form of a Grievance, that he suffers from a cronic lung Disease, and in light of the dangers of Second hand smoke, the Defendant assumes some culpability, just as if he were say, allergic to peanuts, and suffered a life threatening event because of neglect.

5. Defendant Simpson could have absolved herself of culpability by acknowledgeing that a problem existed, as demonstrated in Defandant Motion To Dismiss, Exhibit B, page 9+10, T.D.F. Resident Grievance in Re: Staff Smoking, where Defendand upheld Mr. Lembergers complaint, and pages 18-19-20 where Defendant cahnged the policy of Smoking in the writ vans. Defendant Simpson can not only be recognized for good deeds by claiming that she can change policy on smokeing in writ vans and obsolved of negligence by infering that she cant change policy in other matters that are similar in nature.

6. Defendant should not be allowed to argue that I have an 8th Amendment complaint as grounds for dismissal, as the 8th Amendment applies to prisoners, I am not a prisoner.

7. Defendant's claim that I did not specifically submit a grievance to her may be factual, but plaintiff has a reasonable assumption that the grievance doesent have to start out with the heading of "Dear Mrs. Simpson" or acknowledge her in any way.

8. I also request the motion to dismiss be denied because I would like to challange evidence submitted by Defendant Simpson that will challange the credibility of her testimony, that evidence being a document entered into evidence of room assignments and the smokers identified by the *mark, to be addressed by the accompanying Subpoena

9. I request the motion to dismiss under Qualified Immunity be denied as the Defendant does not fit the definition. Defendant Simpson is not a government offical nor does Defendant Simpson work for the State of Illinois in an offical capasity, rather is employed by Liberty Health Care Corporation. A priviate Corporation working under contract for the state of Illinois.

10. Plaintiff requests Defandand's Motion to Dismiss be denied because Defendant Arguement Meachum v. Fano, 427 U.S. 215, 225 (1976) again cites the 8th Amendment and I am not a prisoner.

11. In Conclusion I request Defandant's Motion to Dismiss be denied because even though Defandant kept refering to Plaintiff as a Prisoner, Plaintiff is in fact being held under Civil Law, not Criminal, and it is not unreasonable for Plaintiff to expect a greater level of consideration and care as opposed to his criminal counterpart. That being said the Plaintiff would like to point out that when he was incarcerated in the Illionis Department of Corrections, at the Taylorville Correctional Center in Taylorville Illinois they had an entire houseing unit dedicated to the needs of non-smokers, If the Illinois Department of Corrections can understand the needs of non-smokers why does D.H.S. find it to be so diffocult and shun responsiabilty.

Wherefore, for the reasons set forth above, Plaintiff Michael Lemberger requests that this Honorable Court not allow Plaintiff Simpson to dismiss the case against her.

Respectfully submitted,

Michael Lemberger
Pro Se.

Michael Lemberger
Rushville T.D.F.
R.R. 1  Box 6A
Rushville IL. 62681

Date, 11-19-07

## Certificate of Service

I hereby certify that on November 22ND, 2007 I mailed the above document for fileing to the Clerk of the Court.

I further certify that on November 22, 2007, I mailed a copy of the above document to the following party of Record:

James C. Vlahakis
Hinshaw + Culbertson LLP
222 North LaSalle Street
Suite 300
Chicago, Illinois 60601-1081

Respectfully submitted,

*Michael Lemberger*
Michael Lemberger
Department of Human Services
R.R. 1, Box 6A
Rushville, IL. 62681