UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Michael Lemberger, ) | |
| Plaintiff, ) | |
| ) | Case No.: 07 C 3128 |
| v. ) | |
| ) | Judge: Harold Baker |
| Sadra Simpson, Thomas Monahan, Brian ) | |
| Thomas, Anderson Freeman and Dayle Sanders, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SANDRA SIMPSON'S MOTION FOR LEAVE TO CITE TO ADDITIONAL AUTHORITY, WHITE V. IDHS, 08 C 940 (N.D. ILL.)**

NOW COMES Defendant, Sandra Simpson, by and through her counsel, and moves this Honorable Court for a minute order granting her leave to cite to *White v. IDHS*, et al. 08 C 940 (N.D. Ill. 2008) as additional authority in support of her FRCP 12(b)(6) Motion to Dismiss:

**Introduction**

1. Defendant Sandra Simpson is the Grievance Examiner at the Illinois Department of Human Services' Treatment and Detention Facility for Sexually Violent Persons located in Rushville, Illinois (the "Rushville TDF"). Plaintiff is a resident at the TDF. Plaintiff is a non-smoker. Plaintiff has sued Ms. Simpson because she denied his request to live in a smoke-free housing unit (Plaintiff's roommate is not a smoker). The Rushville TDF is now a non-smoking facility. Defendant Simpson moved to dismiss on the basis that Plaintiff cannot state a constitutional claim against her based upon the denial of his grievances. Dkt. no. 20, p. 7, ¶ 21 (citing, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D. Ill. 1982); *Grant v. Sutton*, 2006 WL 2802050, *3 (S.D. Ill. 2006); *Agrawal v. Briley*, 2003 WL 164225 (N.D. Ill. 2003)).

6296430v1 794835

2.  Plaintiff has filed a response to Defendant Simpson's Motion to Dismiss and has asserted, among other things, that Defendant Simpson is Plaintiff's "first line of defense in assuring that no grievous injuries are suffered." Plaintiff's Response, at ¶ 4 (Dkt. no. 23).

**<u>White v. IDHS, et al. 08 C. 940 (N.D. Ill. February 20, 2008)</u>**

3.  On February 20, 2008, in another case involving a sexually violent person housed at the former DHS Treatment and Detention Facility in Joliet, Illinois, the Honorable William T. Hart *sua sponte* dismissed a grievance based claim on an *in forma pauperis* review. See Exhibit A, pp. 1-2 ("The plaintiff cannot resuscitate his claim by suing grievance examiners . . . . There is no constitutional right to an institutional grievance procedure. Illinois statutes and regulations establishing the Department of Corrections' grievance procedures neither create a liberty . . . ."). The *White* decision is consistent with the cases cited in Ms. Simpson's Motion to Dismiss.

4.  Under the authorities cited above, Plaintiff cannot "shoot the messenger" by filing a federal lawsuit simply because he is upset with the result of grievance. Suffice it to say, Ms. Simpson should be summarily dismissed from Plaintiff's Complaint as there are no facts which suggest that she participated in the underlying violation or that she was a DHS policymaker. Under *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955 (2007), "[i]t is not . . . proper to assume that [plaintiff] can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Id*. at 1969 n.8. Rather, a "pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. at 1965. Here, there are no facts alleged which suggest that Ms. Simpson had any role in the alleged violations other than to serve as the grievance examiner.

6296430v1 794835

**Judicial Economy Warrants the Dismissal of Ms. Simpson From Other Cases**

5.  For the sake of judicial economy, there are three other cases pending against Ms. Simpson in this district which are predicated on her role as a grievance examiner where service was recently accomplished:

| | | |
|---|---|---|
| 07-cv-03324 | *Moore v. Monahan et al* | Filed 12/17/07 , waiver sent on 2/11/2008, response/answer due 4/11/2008 |
| 07-cv-03329 | *Seidler v. Monahan et al* | Filed 12/20/07, waiver sent on 2/12/2008, response/answer due 4/14/2008 |
| 08-cv-03038 | *Lemberger v. Freeman et al* | Filed 02/06/08, waiver sent on 3/3/2008, response/answer due 5/2/2008 |

In these cases she has *not* been sued on the theory that she caused or participated in an underlying constitutional violation.

6.  Rule 1 of the Federal Rules of Civil Procedure provides that the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Consistent with this purpose, and consistent with judicial economy, Defendant Simpson respectfully requests that this Honorable Court issue an order *sua sponte* dismissing the pending claims against her in these cases on the basis that she has been sued in her role as the TDF's grievance examiner.[1] The respective Plaintiff's would not be without legal recourse as the underlying claims would continue against the remaining defendants who are alleged to have caused and/or participated in the underlying violations. For example, in *George v. Smith*, the Seventh Circuit reiterated that while a prison guard can be held liable for allowing a fellow guard

---

[1] This result could be accomplished by way of an *in forma pauperis* review. Such an order could curb the number of lawsuits naming Ms. Simpson solely because of her role as the grievance examiner. Suffice it to say, the Constitutional does not allow a resident to sue a grievance examiner simply because the resident does not like the response he receives from the grievance examiner.

attack an inmate, the inmate cannot state a constitutional claim against a guard who denies a grievance which complained of the alleged attack:

> Finally, a brief word about George's claims against the defendants who handled his administrative protests concerning the events covered by the complaint.
>
> * * *
>
> Doubtless these persons would be eligible for qualified immunity, but we need not reach that question. George's argument on the merits is that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself. That proposition would not help him if it were correct, for he has lost on all of his underlying constitutional theories. But it is not correct. Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

*George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted).

7. If this Court were to *sua sponte* dismiss these claims, each individual plaintiff could seek leave to amend the complaint, if, consistent with Rule 11, they could demonstrate that Ms. Simpson caused or participated in the underlying violation.

8. Alternatively, depending at this Court's directions, Defendant Simpson will file separate motions to dismiss in each of the above cases on or before the identified due date for her motion to dismiss. For the sake of fairness, Ms. Simpson will provide a copy of the attached motion to each of the residents identified above. Service of this motion will also allow her to comply with FRCP 11's safe-harbor provisions should the identified residents refuse to withdraw their claims against Ms. Simpson to focus their energies against the upper level defendants who formulated the objected to policies and/or the lower level employees who are alleged to have caused or participated in the underlying claims.

WHEREFORE, for the reasons set forth above, Defendant Sandra Simpson, respectfully requests that this Honorable Court (a) allow her to cite to *White v. IDHS*, et al. 08 C 940 (N.D. Ill. 2008) as additional authority in support of her FRCP 12(b)(6) Motion to Dismiss; (b) dismiss her from this lawsuit; and (c) *sua sponte* dismiss her from the above identified lawsuits.

    Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
222 N. LaSalle, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001

5

## CERTIFICATE OF SERVICE/NOTICE OF FILING

I hereby certify that on March 18, 2008, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following to all counsel of record.

I further certify that on March 18, 2008, a copy of the foregoing document was mailed, via U.S. mail, postage prepaid and properly addressed to the following:

    Michael Lemberger
    DHS
    R.R.1 Box 6A
    Rushville, IL 62681

    Allen Moore
    DHS
    R.R.1 Box 6A
    Rushville, IL 62681

    Kenneth Seidler
    DHS
    R.R.1 Box 6A
    Rushville, IL 62681

By:    /s/ James C. Vlahakis

James C. Vlahakis
HINSHAW & CULBERTSON
222 North LaSalle, Suite 500
Chicago, Illinois 60601
(312)704-3000

6296430v1 794835

Order Form (01/2005)

**United States District Court, Northern District of Illinois**

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 0940 | **DATE** | 2/20/2008 |
| **CASE TITLE** | Gregory A. White v. Ill. Dept. of Human Services, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied. The complaint is dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B). The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ [**For further details see text below.**]

Docketing to mail notices.
\* Mail AO 450 form.

**STATEMENT**

    The plaintiff, a civil detainee in the custody of the Illinois Department of Human Services, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, D.H.S. officials, lost or stole personal property that was placed in storage while the plaintiff temporarily left the Joliet Treatment and Detention Facility to face criminal charges in Will County; he additionally alleges that the defendants wrongfully denied his ensuing grievances relating to the lost property. For the reasons stated in this order, the complaint is dismissed on initial review.

    It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). "[A] district court judge should deny leave to proceed *in forma pauperis* if an action is frivolous or malicious." *Wartman v. Branch 7, Civil Division, County Court, Milwaukee County, State of Wisconsin*, 510 F.2d 130, 134 (7th Cir. 1975), *principle reaffirmed in Bryan v. Johnson*, 821 F.2d 455, 458 (7th Cir. 1987). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke v. Williams*, 490 U.S. 319 (1989). Because the plaintiff has indicated that he is indigent, the court has reviewed the claims raised to determine whether they state a colorable cause of action under 42 U.S.C. § 1983. [The plaintiff is technically not a "prisoner;" therefore, the Prison Litigation Reform Act does not apply to this lawsuit and installment payments toward the filing fee will not be required.]

**(CONTINUED)**

mjm

**STATEMENT (continued)**

The plaintiff has no viable federal claim in connection with his lost or stolen personal belongings. An unauthorized, intentional deprivation of property by a state actor does not constitute a due process violation if the State provides a meaningful post-deprivation remedy. *Doherty v. City of Chicago*, 75 F.3d 318, 323 (7th Cir. 1996). The Illinois Court of Claims provides the plaintiff with an adequate remedy to redress his property loss. The plaintiff might also have filed an action in the state circuit court for the tort of conversion. *See Cirrincione v. Johnson*, 703 N.E.2d 67, 70 (Ill. 1998). Because the State of Illinois provides an adequate post-deprivation remedy, the loss of the plaintiff's property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002).

In fact, the plaintiff specifically states in his complaint that he has already litigated this matter in small claims court. [Exhibits to the complaint relate to the Illinois Court of Claims, and not the small claims court; it is unclear whether the plaintiff pursued remedies in both the small claims court and the Court of Claims or simply provided a misnomer in the complaint]. The plaintiff's dissatisfaction with the outcome of that lawsuit does not render the state court proceedings "unmeaningful." *See Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (holding that postdeprivation remedy must be "meaningless or nonexistent" to be inadequate). The plaintiff had the opportunity to present his claims in the state court system–and exercised that right.

The court additionally finds that the plaintiff's claims are barred by the *Rooker-Feldman* doctrine and the principle of claim preclusion. The *Rooker-Feldman* doctrine instructs that the lower federal courts may not exercise what amounts to appellate jurisdiction over state courts. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, a person seeking review of a state court judgment must appeal the judgment; it is not proper to seek review in the federal district court. *See, e.g., Kamilewicz v. Bank of Boston Corp.*, 92 F.3d 506, 509-10 (7th Cir. 1996); *Garry v. Geils*, 82 F.3d 1362, 1365-66 (7th Cir. 1996).

In turn, claim preclusion bars relitigation of matters already decided by a court of competent jurisdiction. Claim preclusion requires (1) a prior final judgment on the merits; (2) the same claim; and (3) the same parties or their privies. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). Claim preclusion bars not only issues actually decided in the prior suit, but also those that could have been raised. *Highway J Citizens Group v. United States Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006). For purposes of claim preclusion, "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." *Bethesda Lutheran Homes & Servs., Inc. v. Born*, 238 F.3d 853, 857 (7th Cir. 2001). Because the plaintiff has already had a full and fair opportunity to seek redress for the loss of his property in the Illinois Court of Claims, he is barred from relitigating the matter in federal court.

The plaintiff cannot resuscitate his claim by suing grievance examiners. A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or

**(CONTINUED)**

**STATEMENT (continued)**

her attention via the grievance process. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215 (N.D. Ill. 2000) (Bucklo, J.). This, however, is a consequence of the official's duty under federal law to prevent and remedy constitutional violations, not a duty to respond to grievances. There is no constitutional right to an institutional grievance procedure. Illinois statutes and regulations establishing the Department of Corrections' grievance procedures neither create a liberty interest under the Fourteenth Amendment's due process clause, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), nor, as discussed above, do they create a right to sue under state law. Particularly because there is no underlying constitutional violation, the plaintiff cannot sue grievance officials under 42 U.S.C. § 1983 for denying his grievances.

For the foregoing reasons, this suit is dismissed on preliminary review for failure to state a claim upon which relief may be granted. If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4).