**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| MICHAEL LEMBERGER,      ) | |
|         ) | |
|     Plaintiff,    ) | |
|         ) | |
|  -vs-      ) | No. 07-3128 |
|         ) | |
| SANDRA SIMPSON, THOMAS MONAHAN,  ) | |
| BRIAN THOMAS, ANDERSON FREEMAN  ) | |
| and DAYLE SANDERS,    ) | |
|         ) | |
|     Defendants.   ) | |

## DEFENDANTS' MOTION FOR HIPAA QUALIFIED PROTECTIVE ORDER

NOW COME the Defendants, ANDERSON FREEMAN, THOMAS MONAHAN, DARRELL SANDERS, and BRIAN THOMAS, by and through their attorney, Lisa Madigan, Attorney General of the State of Illinois, and respectfully move this Honorable Court for the entry of a HIPAA Qualified Protective Order, stating as follows:

1.    Plaintiff has filed this cause of action in which the medical condition and treatment of Plaintiff is an issue.

2.    Pursuant to 45 C.F.R. 164.512 of the Health Insurance Portability and Accountability Act ("HIPAA"), a HIPAA Qualified Protective Order is necessary to allow the parties to the litigation to obtain and use protected health information pursuant to HIPAA for the purpose of this litigation while preventing unauthorized disclosure of said protected health information.

3.    That the HIPAA Qualified Protective Order should be entered to safeguard the said protected health information from unauthorized disclosure while still permitting its use solely for purposes of this litigation.

4.    Attached to this motion as an exhibit is a proposed HIPAA Qualified Protective Order for the Court's convenience.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this Honorable Court to enter a HIPAA Qualified Protective Order in this cause, and for such other relief as the Court deems necessary and just.

Respectfully submitted,

ANDERSON FREEMAN, THOMAS MONAHAN, DARRELL SANDERS, and BRIAN THOMAS,

Defendants,

LISA MADIGAN, Attorney General, State of Illinois,

Attorney for Defendants,

  s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MICHAEL LEMBERGER,                         )
                                            )
                Plaintiff,                  )
                                            )
        -vs-                                )        No. 07-3128
                                            )
SANDRA SIMPSON, THOMAS MONAHAN,            )
BRIAN THOMAS, ANDERSON FREEMAN             )
and DAYLE SANDERS,                          )
                                            )
                Defendants.                 )

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 31, 2008, I electronically filed Defendants' Motion for HIPAA Qualified Protective Order, with the Clerk of the Court using the CM/ECF system, and I hereby certify that on the same date, I mailed by United States Postal Service, the document to the following non-registered participant:

Michael Lemberger
Treatment & Detention Facility
R. R. 1, Box 6A
Rushville, IL 62681

Respectfully submitted,


s/ Michael J. Lanzdorf
Michael J. Lanzdorf, #6286675
Assistant Attorney General
500 South Second Street
Springfield, IL   62706
Phone: (217) 782-9056
Fax: (217) 782 -8767
E-Mail: mlanzdorf@atg.state.il.us

**E-FILED**
Monday, 31 March, 2008  11:27:04 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

MICHAEL LEMBERGER,            )
                                    )
          Plaintiff,         )
                                      )
     -vs-                    )      No. 07-3128
                                      )
SANDRA SIMPSON, THOMAS MONAHAN,  )
BRIAN THOMAS, ANDERSON FREEMAN     )
and DAYLE SANDERS,              )
                                      )
          Defendants.      )

## HIPAA QUALIFIED PROTECTIVE ORDER

THIS CAUSE COMES TO BE HEARD on the motion of Defendants for a HIPAA Qualified Protective Order, and the Court finds that good cause exists for the entry of a HIPAA Qualified Protective Order to prevent the unauthorized disclosure and direct the use of protected health information during the course of this litigation.

Accordingly, it is hereby ordered:

1.    All records produced by the parties to this litigation are produced subject to this Order.

2.    This Order applies to any records produced by a covered entity, as defined by 45 C.F.R. 160.103, which has received a request or subpoena for protected health information.

3.    During the course of this litigation, it may be necessary for the parties or their attorneys to disclose protected health information of the Plaintiff, as that term is defined under the Health Insurance Portability and Accountability Act ("HIPAA") and the Federal Regulations promulgated pursuant to said Act.

    (a)    All protected health information disclosed by any of Plaintiff's healthcare providers shall be used for the sole purpose of preparing for or conducting this litigation, including but not limited to investigation, consultation, discovery, depositions, trial preparation, trial, appeal, resolution, mediation, or uses incidental to the proceeding in this case and shall not be disclosed or revealed to anyone not authorized by this Protective Order.

(b)    Protective health information pursuant to this HIPAA Qualified Order may include information related to sexually transmitted disease, genetic testing, HIV, behavioral or mental health services, and treatment for alcohol and drug abuse.

(c)    Protected health information may be disclosed without further notice by any covered entity or healthcare provider, party or parties' attorney, to:

(1)    the parties themselves, parties' attorneys, experts, consultants, any witness or other person retained or called by the parties, treating physicians, other healthcare providers, insurance carriers, or other entities from whom damages, compensation, or indemnity is sought and any entity performing, monitoring, or adjustment activities on behalf of such insurance carrier or other entity and/or their employees, agents, or third party administrators for any of the parties involved in the litigation; in any proceeding for health oversight activities as permitted under 45 C.F.R. 164.512, court reporters, copy services, other similar vendors to the parties and their attorneys, as well as the professional and support staff of the above.

(2)    The parties, and each entity governed by this Order, shall either (a) destroy, or (b) return to the entity who originally produced it, all protected health information, including all copies made; provided, however, that said protected health information may be retained in the files of the entities listed in paragraph (1) above and may be destroyed pursuant to their regular file retention policies so long as the protected health information is maintained in a secure environment.

ENTERED THIS ____ DAY OF _____, 2008.


_____
United States District Judge Baker