UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL LEMBERGER,

    Plaintiff,

                        07-3128

SANDRA SIMPSON et al.,

    Defendants.

### Order

The plaintiff is a civil detainee housed in the Rushville Treatment and Detention Center ("Rushville") for sexually violent persons. He alleges that he has chronic obstructive pulmonary disease ("COPD"), and that, upon his arrival at Rushville in December 2006, he was subjected involuntarily to second-hand smoke. His request for injunctive relief is moot, since, as of January 1, 2008, Rushville is smoke-free. 410 ILCS 82/1 *et seq.* (Smoke Free Illinois Act). His request for damages remains.

The defendants have moved for summary judgment. For the reasons below, their motions are granted.

### Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). In determining whether factual issues exist, the court must view all the evidence in the light most favorable to the non-moving party. *Beraha v. Baxter Health Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992).

## Undisputed Facts[1]

1. The plaintiff has resided in a non-smoking room since his transfer to Rushville in December 2006. The plaintiff asserts that the smoke from other rooms and areas where smoking was permitted filtrated into his room through the vents.

2. On his intake at Rushville in December 2006, the plaintiff reported that he had COPD. Rushville's medical director avers that the plaintiff's medical records from Rushville "do not indicate that he has any lung pathology such as COPD." However, he also avers that, "[t]o the extent Plaintiff suffers from COPD, his condition is 'mild' in severity and is well-controlled." (Bednarz Aff. Para. 5).

3. The plaintiff does not dispute that he has been seen regularly by healthcare staff at Rushville, but he asserts that those visits "were only for minor malidies [sic], not for COPD." (d/e 35, p. 3).

4. The plaintiff presented to healthcare with complaints of a cough on only one occasion from December 2006 through December 2007. Pursuant to Illinois law, Rushville became smoke-free on January 1, 2008. The plaintiff maintains that his COPD was not discovered because of a cough.

5. The plaintiff does not dispute that there is no indication that his COPD was aggravated at Rushville in any way. The plaintiff asserts, however, that no tests were run to assess his COPD. The plaintiff's medical records do not indicate that he complained of persistent shortness of breath, wheezing, or decreased exercise tolerance. On November 17, 2007, the plaintiff reported that he completes six miles on the elliptical machine multiple times per week.

### Motion for Leave to File an Amended Complaint (d/e 22)

The plaintiff's motion for leave to file an amended complaint seeks only to identify the injuries he suffered as a result of his exposure to second hand smoke. He alleges that he has experienced pain and suffering due to his anxiety and stress from knowing that he is at a higher risk of a terminal illness.

The court does not accept piecemeal amendments, but the plaintiff does not need to amend his complaint to seek compensation for these alleged injuries. The court considers these allegations along with those in the original complaint. However, as discussed below, the plaintiff has presented no evidence that his particular exposure actually put him at an identifiable risk of future illness.

---

[1]Many of these facts are adopted verbatim from the defendants' memorandum (d/e 31), to the extent not disputed by the plaintiff.

## Motion for Discovery

After the defendants moved for summary judgment, the plaintiff filed a motion for discovery of his medical records from the Illinois Department of Corrections. He alleges that he was diagnosed with COPD in 2000 in the IDOC and that "he was placed on an inhaler and was seen regularly in the health care's asthma clinic where I was given periodic lung function tests. I've also had follow up x-ray's of my lungs."

The plaintiff's motion for discovery is denied. There was ample time during discovery for him to obtain his medical records from IDOC to support his claim that he has COPD. He does not say that he made any attempt to obtain these records. To allow the reopening of discovery at this point, for documents the plaintiff could have and should have obtained during discovery, would unduly prejudice defendants and unnecessarily prolong this case. Further, even if the IDOC medical records do corroborate the plaintiff's allegations, the plaintiff still does not dispute that his COPD has not worsened since his arrival at Rushville. That admission fatal to the plaintiff's case.

## Application of Undisputed Facts to Law

The plaintiff's claim arises under the due process clause of the Fourteenth Amendment since he is a civil detainee, not a convicted prisoner. *Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005)(status of person awaiting trial for civil commitment under Sexually Violent Persons Act was comparable to pretrial detainee). The Seventh Circuit has stated that the Fourteenth Amendment protections are "'at least as great as the protections available to a convicted prisoner under the Eight Amendment.'" *Tesch v. County of Green Lake*, 157 F.3d 465, 473-73 (7th Cir. 1998), *quoting City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). However, the Seventh Circuit has also stated that "'there is little practical difference between the two standards. *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001), *citing Weiss v. Cooley*, 230 F.2d 1027 (7th Cir. 2000).

Second-hand smoke claims typically divide into two categories: claims regarding present injuries, and claims regarding future injuries. Both categories require the plaintiff to prove that he was subjected to an objectively serious risk and that the defendants were deliberately indifferent to that risk. *Henderson v. Sheahan*, 196 F.3d 839, 844-848 (7th Cir. 2000); *see also Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008).

As to present injury claims, the plaintiff must show that "the second-hand smoke caused him to suffer 'serious' existing health problems and that the Defendants were deliberately indifferent to his situation." *Henderson*, 196 F.3d at 845. A serious health problem is a medical condition diagnosed by a physician as requiring a "smoke-free environment," or a condition needing treatment by a physician that was caused by the exposure to the smoke. *Henderson*, 196 F.3d at 846.

The plaintiff has not proven that he suffered any serious existing health problems that

3

were aggravated the second-hand smoke. The record does not support an inference that the plaintiff suffers from COPD, but, even if he does have COPD, the plaintiff admits that it is mild and that the second-hand smoke did not aggravate it. There is no evidence to conclude that the plaintiff was subjected to an objectively serious present risk under constitutional standards. Thus, there was no constitutionally cognizable present risk to which the defendants were deliberately indifferent.

As to future injury, the plaintiff must show that he personally was exposed to "'unreasonably high levels'" of second-hand smoke, which in turn posed an unreasonable risk to his future health personally. *Lehn v. Holmes*, 364 F.3d 862, 872 (7th Cir. 2004), *quoting Helling*; *Henderson v. Sheahan*, 196 F.3d 839 (7th Cir. 2000). He must prove "more than just a 'scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused . . . . . .' it also requires that [Plaintiff] prove 'that the risk of which he complains is not one that today's society chooses to tolerate.'" *Henderson*, 196 F.3d at 848, quoting *Helling*, 113 S.Ct. 2475.

As with his present injury claim, the plaintiff offers no evidence to support an inference that he was subjected to an objectively serious risk of future injury. He offers no evidence regarding the level and extent of his exposure or its affect on his future health in particular. He merely rests on his allegations, which is not enough to survive summary judgment.

In short, the plaintiff does not offer any evidence which would allow a jury to find in his favor. Accordingly, summary judgment is mandated for the defendants.

**Costs**

Although the plaintiff is proceeding *in forma pauperis*, he may still be assessed costs under Fed. R. Civ. P. 54(d)(1) just like any other litigant who loses his case. "[U]nsuccessful indigent litigants are not automatically shielded from the imposition of costs against them." *McGill v. Faulkner*, 18 F.3d 456, 458 (7th Cir. 1994). "[T]he rule that indigent prisoners, like anybody else, may be required to reimburse costs others have expended defending the prisoners' unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike.").

> "when costs are assessed only in extreme or exceptional cases, those persons granted leave to proceed in forma pauperis have virtually 'nothing to lose and everything to gain' [citation omitted] and the purpose of § 1915-equal access for the poor and the rich-is distorted. Non-indigents who contemplate litigation are routinely forced to decide whether their claim is 'worth it.' [Citation omitted]. We see no reason to treat indigents differently in this respect."

*McGill*, 18 F.3d at 460, *quoting with approval Flint v. Haynes, 651 F.2d 970 (4th Cir.1981), cert. denied, 454 U.S. 1151 (1982).*

The plaintiff has filed five cases in this district since May 2007. He has voluntarily dismissed two (one after costs of service were incurred and the defendants filed a motion to dismiss). He has two cases pending now that appear to involve the accommodation of his religious rights while in Rushville. While five cases in a year is not exorbitant, it is enough out of the norm to suggest that the plaintiff is not conducting a cost-benefit analysis of whether his case is "worth it." The court believes the imposition of modest costs on the plaintiff in this case is fair to the defendants and will more fairly allocate the risks and incentives of litigation among the parties.

The defendants may therefore file for costs. The plaintiff has a right to file timely objections to the costs sought by the defendants, which the court will consider. Indigency is a grounds for objection (though not a dispositive one), but the plaintiff bears the burden of proving his current and future indigency. *See Rivera v. City of Chicago*, 469 F.3d 631, 636 (7th Cir. 2006)(discussing factors to consider when deciding if indigency exception applies). If costs are assessed against the plaintiff, he may be required to show the court that he has paid those costs before proceeding with new litigation against these particular defendants.

IT IS THEREFORE ORDERED THAT:

1) The plaintiff's motion to file an amended complaint is denied as unnecessary (d/e 22).

2) The plaintiff's motion for discovery is denied (d/e 36).

3) The defendants' motions for summary judgment are granted (d/e's 30, 32). The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff.

4) The defendants' motion to dismiss (d/e 20) and motion to strike (d/e 37) are denied as moot.

5) If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).

6) By July 21, 2008, the court requests that Rushville Treatment and Detention Center provide the court with the plaintiff's account statements for the last six months, showing the income he has received, the disbursements made, and the current account balance. By July 21, 2008, Rushville Treatment and Detention Center is also requested to inform the court whether the plaintiff is currently employed at the Center, and, if so, his weekly wages.

7) The clerk is directed to mail a copy of this order to Rushville Treatment and

        Detention Center, to the attention of the Trust Fund Department, with paragraph 6 above highlighted.

8)    This case is closed.

Entered this <u>  9th  </u> day of <u>  July  </u>, 2008.

                                        **s\Harold A. Baker**

                                        Harold A. Baker
                                United States District Judge